**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL FERRERAS, et al., | CIVIL ACTION NO. 16-2427 (JLL) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| AMERICAN AIRLINES, INC., | |
| Defendant. | |

**LINARES, District Judge**

Currently pending before this Court is the plaintiffs' motion (hereinafter, "the Plaintiffs' Current Motion") pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure (hereinafter, "Rule") 54(b) to permit an immediate appeal to the Third Circuit Court of Appeals from an order dated March 28, 2017 (hereinafter, "the March 2017 Order"). (See dkt. 73 through dkt. 73-2; dkt. 79; dkt. 79-1.)[1] The defendant, American Airlines, Inc. (hereinafter, "American"), opposes the Plaintiffs' Current Motion. (See dkt. 76; dkt. 76-1.)

The plaintiffs alleged in their amended complaint that American violated the New Jersey Wage and Hour Law (hereinafter, "the NJWHL") by:

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

(1) paying them a straight hourly wage for the hours they worked in excess of 40 hours in a given week as a result of their voluntary shift trades with other employees, rather than paying them at the overtime rate for those excess hours (hereinafter, "the Shift Trade Claim");

(2) requiring them to perform work before clocking in, after clocking out, and during meal breaks without compensation (hereinafter, "the Uncompensated Time Claim"); and

(3) configuring time clocks to round down and reduce the amount of time that the plaintiffs are credited with performing work (hereinafter, "the Rounding Down Claim"). (See dkt. 24.)

In the March 2017 Order, this Court in relevant part granted summary judgment pursuant to Rule 56 in American's favor as to the Shift Trade Claim, and denied summary judgment to the plaintiffs as to the Shift Trade Claim. (See dkt. 72 at 1–2 (the March 2017 Order); see also dkt. 71 at 1–13 (this Court's Opinion underlying the March 2017 Order).) The Uncompensated Time Claim and the Rounding Down Claim were not at issue, and thus those two claims remain viable at this juncture. The plaintiffs seek to take an immediate appeal from this Court's determination concerning the Shift Trade Claim in the March 2017 Order.

This Court will resolve the Plaintiffs' Current Motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). This Court presumes that the parties are familiar with the factual context and the procedural history of the action, which have been set forth at length by this Court in the Opinion underlying the March 2017 Order. (See dkt. 71 at 1–13.) For the following reasons, the Plaintiffs' Current Motion is denied in its entirety.

## IMMEDIATE APPEAL

In order to permit the plaintiffs to pursue an immediate appeal from the portion of the March 2017 Order that addressed the Shift Trade Claim, this Court would need to exercise its discretion to find that the reasoning underlying the March 2017 Order involves a controlling question of law upon which there is a substantial ground for a difference of opinion, and that an immediate appeal would materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b); see also Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996) (stating that such permission is to be granted rarely, because it presents a deviation from the ordinary policy of avoiding piecemeal appellate review of the decisions of the district courts that do not terminate the litigation); P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J. 2001) (stating that such permission is intended to be granted in order to facilitate a decision on a legal issue about which there is a considerable question, without requiring

the parties to participate in a trial that may be unnecessary); see also Fed.R.Civ.P. 54(b) (authorizing the entry of a final judgment on one or more, but fewer than all, of the claims in an action if the district court expressly determines that there is no just reason for a delay). A mere disagreement by the moving party with the ruling of a district court is not a substantial basis to take an immediate appeal. See Kapossy, 942 F.Supp. at 1001.

The plaintiffs argue in support of their Current Motion that "it is clear there is no just cause to delay the appeal of the issues relating to shift trades," because "there is no relationship between Plaintiffs' time rounding, off-the-clock and uncompensated meal break allegations . . . and the allegations related to shift trades." (Dkt. 73-1 at 6.) The plaintiffs also argue that "no future developments at the district court level will moot the possibility for review of the shift trade allegations and their relationship to [the relevant regulation found at] N.J.A.C. § 12:56-15.3(a)," and thus "an appeal of the issue will facilitate resolution of the litigation." (Dkt. 73-1 at 6–7.)

This Court concludes that an immediate appeal from the March 2017 Order would not materially advance the ultimate termination of the litigation. The Uncompensated Time Claim and the Rounding Down Claim are still being actively litigated, and their merits would not be resolved or clarified in any way on an immediate appeal concerning the portion of the March 2017 Order that addressed the Shift Trade Claim. As a result, if this Court were to grant the Plaintiffs' Current Motion, this Court would be sidestepping

the duty to refrain from compelling the Third Circuit Court of Appeals to engage in piecemeal appellate review. See Elliott v. Archdiocese of N.Y., 682 F.3d 213, 220 (3d Cir. 2012) (holding that a grant of relief under Rule 54(b) is "the exception, not the rule, to the usual course of proceedings in a district court"); Echavarria v. Williams Sonoma, Inc., No. 15-6441, 2016 WL 3566986, at *4 (D.N.J. June 30, 2016) (denying a motion for an immediate appeal, and holding that the district courts must "be 'conservative' in utilizing Rule 54(b), particularly when there is a risk of piecemeal appeals").

At this juncture, this Court sees no reason to exercise the discretion to deviate from the ordinary policy of avoiding the facilitation of an immediate appeal that simply will not materially advance the termination of this litigation. Indeed, the plaintiffs will have an opportunity to seek appellate review of this Court's determination on the Shift Trade Claim soon enough if they remain diligent in prosecuting their Uncompensated Time Claim and Rounding Down Claim to the point of a final resolution.

This Court is also not convinced that there is a substantial ground for a difference of opinion regarding a question of law here. As this Court held in the Opinion underlying the March 2017 Order, the New Jersey Commissioner of Labor and Workforce Development (hereinafter, "the Commissioner") was authorized to promulgate the regulation concerning voluntary shift trades in the airline industry under New Jersey Administrative Code 12:56-15.3, and that regulation does not contravene the general

overtime requirements set forth in the NJWHL because it does not completely exempt an airline such as American from paying overtime wages to its employees. Furthermore, this Court was persuaded by the fact that the unions that function as advocates on behalf of the employees of airlines filed briefs in support of American's policy that permitted voluntary shift trades in lieu of overtime wages. In addition, this Court noted that in Keeley v. Loomis Fargo & Co., 183 F.3d 257 (3d Cir. 1999), the Third Circuit Court of Appeals acknowledged the regulation at issue here as an example of a promulgated overtime rule that did not contravene the NJWHL, because the regulation allows the use of compensatory time off instead of overtime pay for airline employees in certain circumstances, and it does not provide for a complete exemption from the NJWHL's overtime wage provisions. See 183 F.3d at 263 & n.4. (See dkt. 71 at 10–12.) Thus, this Court holds that there is not a substantial ground for a difference of opinion regarding a question of law here.

## CONCLUSION

The plaintiffs' motion to permit an immediate appeal from the March 2017 Order is denied. For good cause appearing:

**IT IS THEREFORE** on this _____1st_____ day of May, 2017, **ORDERED** that the motion by the plaintiffs to permit an immediate appeal **(dkt. 73)** is **DENIED**.

                                                                    _____
                                                                    JOSE L. LINARES
                                                                    United States District Judge